JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| JUAN LUIS TAPIA ESPINOZA<br>Petitioner,<br>v.<br>TODD BLANCHE et al.,<br>Respondents. | Case No. 5:26-cv-05197-DFM<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner Juan Luis Tapia Espinoza, who is detained at the Adelanto ICE Processing Center, filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). He has been in immigration custody since February 23, 2025, while his removal proceedings continue before the Board of Immigration Appeals ("BIA"). See id. ¶¶ 10, 21-22. He contends that he was entitled to a hearing before he was detained, that his prolonged detention without an individualized hearing violates due process, that his detention violates the Eighth Amendment's Excessive Bail Clause, and that it violates the Administrative Procedure Act ("APA"). See id. ¶¶ 27-56. He asks for immediate release or, alternatively, a bond hearing before this Court. See id. at 17. Respondents filed an Answer, see Dkt. 7 ("Answer"), and,

at the Court's direction, a supplemental status report, see Dkt. 10 ("Status Report"). Petitioner did not file the response the Court ordered. See Dkt. 9.

This is Petitioner's second habeas petition challenging the same detention. The problem with the prolonged-detention claim is one the Court identified in the first case. Twice, Petitioner asked an immigration judge ("IJ") to redetermine his custody, and twice the request was withdrawn by counsel without any recorded ruling—the second time after this Petition was filed and one day after the Court directed the parties to explain what had happened to the first request. Petitioner has not shown that exhaustion of the administrative process should be excused, and he declined the Court's invitation to try. His remaining claims fail on the merits or duplicate his habeas claim.

For the reasons set forth below, the Petition is **DENIED**. Count Two is **DISMISSED** without prejudice for failure to exhaust administrative remedies, and Count Four is **DISMISSED** without prejudice as duplicative.

## II. BACKGROUND

### A. Immigration Custody and Removal Proceedings

Petitioner is a native and citizen of Mexico. See Petition ¶ 15. He became a conditional resident in 1997 and a lawful permanent resident on December 11, 2000. See id. ¶ 17 & Ex. A. He and his United States citizen wife have three United States citizen children. See id. ¶¶ 16, 19.

On October 11, 2024, Petitioner pleaded nolo contendere to possession of a controlled substance for sale in violation of California Health and Safety Code § 11378. See id., Ex. L. The court suspended imposition of sentence, placed him on two years of formal probation, and ordered him to serve 180 days in county jail as a condition of probation. See id. at 3-4. A count under California Health and Safety Code § 11379(a) was dismissed under the plea agreement. See id. at 5.

On February 23, 2025, Immigration and Customs Enforcement ("ICE") officers arrested Petitioner near his home on an administrative warrant. See Answer, Ex. 1 at 14-15, 18. The Department of Homeland Security ("DHS") charged him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) (aggravated felony) and § 1227(a)(2)(B)(i) (controlled-substance offense) and ordered him detained. See Petition, Ex. B at 5; Answer, Ex. 1 at 20. On January 16, 2026, an IJ found him removable on both charges and ordered him removed to Mexico. See Petition, Ex. C at 2, 4. Petitioner appealed, and the BIA received the appeal on February 13, 2026. See id., Ex. D at 2. The appeal remains pending, and there is no administratively final order of removal. See Status Report at 2.

Petitioner has twice requested an IJ custody redetermination and twice withdrawn the request. On August 27, 2025, the IJ's order recorded: "Bond redetermination request withdrawn by Respondent's counsel without prejudice." Answer, Ex. A at 8. Both parties waived appeal. See id. at 9. On September 9, 2026—the day after this Petition was filed—the Adelanto Immigration Court served notice setting a custody redetermination hearing for September 23, 2026. See id. at 11. On September 23, the IJ entered an order in the same form, again checking "Other" and recording that the "[b]ond redetermination request [was] withdrawn by Respondent's counsel without prejudice." Status Report, Ex. A at 3. Neither the grant nor the denial box was checked, and both parties again waived appeal. See id. at 3-4. Neither order states any finding on danger or flight risk or any ruling on the IJ's authority to redetermine custody.

**B. The First Habeas Petition**

On or about May 8, 2026, Petitioner filed a pro se habeas petition challenging the same detention. See Tapia v. Marin, No. 5:26-cv-02515-MWF-DFM ("Prior Action"), Dkt. 17 ("Prior R&R") at 1. That petition asserted a

claim under 8 U.S.C. § 1231(a)(6) and Zadvydas v. Davis, 533 U.S. 678 (2001); a substantive due process claim premised on indefinite detention; and a procedural due process claim based on the absence of custody review under 8 C.F.R. § 241.4. See Prior R&R at 3. The Court recommended that the petition be denied without prejudice. See id. at 2, 7. It concluded that § 1226 rather than § 1231 governed Petitioner's detention because his removal order was not administratively final; that Petitioner had not exhausted administrative remedies because he had withdrawn his August 2025 custody request and had not renewed it; and, alternatively, that his due process claims failed because he had declined the process offered to him. See id. at 3-7. On July 2, 2026, the District Judge accepted the Prior R&R, and judgment was entered on July 6, 2026 denying the petition and dismissing the action without prejudice. See Prior Action, Dkts. 18, 19.

**C. This Petition**

Petitioner, now represented by counsel, filed this Petition on September 8, 2026. It asserts four claims: (1) a procedural due process claim that he should have received a hearing before he was detained, see Petition ¶¶ 27-37; (2) a due process claim that his prolonged detention without an individualized hearing is unconstitutional, see id. ¶¶ 38-49; (3) an Eighth Amendment Excessive Bail Clause claim, see id. ¶¶ 50-53; and (4) an APA claim, see id. ¶¶ 54-56. The Petition alleges that Petitioner "does not believe he was ever afforded a bond hearing." Id. ¶ 47. It does not mention the August 2025 request or its withdrawal. Petitioner asks the Court to order his immediate release, to bar Respondents from re-detaining him "for any purpose" without a pre-detention hearing, or alternatively to conduct a bond hearing itself, and to award fees under the Equal Access to Justice Act ("EAJA"). See id. at 17.

Respondents argue that the Petition is barred by the abuse-of-the-writ doctrine, should be denied as moot considering the prior judgment, and fails

because Petitioner is subject to mandatory detention and may seek a bond hearing before an IJ. See Answer at 1-5.

On September 22, 2026, the Court ordered supplemental filings. See Dkt. 9. Respondents were directed to report whether the September 23 hearing occurred, its outcome, the legal authority for the hearing, the burden of proof applied, and whether the IJ considered release on the merits or declined jurisdiction, and to attach the hearing request, any order or reasons, and any transcript or recording. See id. at 1. Petitioner was directed to file a response by September 28, 2026, identifying what relief remained necessary and any defect in the hearing, addressing exhaustion or grounds for excusing it, explaining the nonprivileged circumstances of the August 2025 withdrawal, and addressing Respondents' abuse-of-the-writ argument in light of the prior judgment. See id. at 1-2.

Respondents' Status Report states that Petitioner remains detained at Adelanto under 8 U.S.C. §§ 1226(c)(1)(B) and 1227(a)(2)(B), that his BIA appeal remains pending, and that at the September 23 hearing Petitioner "once again withdrew the request without prejudice." Status Report at 2. It attaches the IJ's order but does not identify the legal authority for the hearing, the burden of proof, or whether the IJ would have considered release on the merits, and it does not attach the hearing request or any recording. See id. & id., Ex. A. Petitioner did not file a response.

## III. DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens challenging the constitutionality of their immigration detention. See Zadvydas, 533 U.S. at 687-88; Trinidad y Garcia v. Thomas, 683 F.3d 952, 956 (9th Cir. 2012) (en banc).

**A. Petitioner Is Detained Under § 1226(c)**

"Section 1226 applies before an alien proceeds through the removal proceedings and obtains a decision; § 1231 applies after." Johnson v. Guzman Chavez, 594 U.S. 523, 544 (2021). Because Petitioner's BIA appeal remains pending, his removal order is not administratively final, and § 1226 governs his detention. See 8 C.F.R. § 1241.1(a). Within § 1226, Congress required the detention of any noncitizen who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)." 8 U.S.C. § 1226(c)(1)(B). An IJ has found Petitioner removable under § 1227(a)(2)(A)(iii) and (B)(i), see Petition, Ex. C at 2, and Petitioner does not dispute that § 1226(c) applies. The statute permits release only in narrow witness-protection circumstances not presented here. See 8 U.S.C. § 1226(c)(4). It does not limit the length of detention or require periodic bond hearings. See Jennings v. Rodriguez, 583 U.S. 281, 303-06 (2018). Jennings did not decide whether the Constitution requires an individualized hearing when § 1226(c) detention becomes prolonged. See id. at 312.

**B. Count One: No Hearing Was Required Before Detention**

Count One asserts that Petitioner was entitled to a hearing before ICE took him into custody. See Petition ¶¶ 27-37. The Supreme Court has held that Congress "may require that persons such as respondent be detained for the brief period necessary for their removal proceedings" without an individualized hearing. Demore v. Kim, 538 U.S. 510, 513, 523, 528-31 (2003). Section 1226(c) required Petitioner's detention on the charges DHS brought, and the Due Process Clause did not require a hearing before that detention began.

Petitioner's contrary authorities involve noncitizens re-detained after a period of release on immigration parole or supervision. See Petition ¶¶ 33-34. Petitioner does not allege that he was ever released from immigration custody

on bond, parole, or an order of supervision before February 23, 2025. Whether Petitioner's detention has since become unreasonably prolonged is the question Count Two presents, and it is addressed below.

**C. Count Two: Prolonged Detention**

Count Two alleges that Petitioner's detention for more than nineteen months without an individualized determination of danger or flight risk violates due process. See Petition ¶¶ 38-49. Justice Kennedy's concurrence in Demore recognized that a lawful permanent resident "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." 538 U.S. at 532 (Kennedy, J., concurring). Nineteen months is a substantial period of confinement. But the Court does not reach whether Petitioner's detention has become unconstitutional, because he has not exhausted the administrative process or shown that exhaustion should be excused.

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004) (internal quotation marks omitted). Where a petitioner has not exhausted his administrative remedies, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011). Exhaustion may be waived only where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing, 370 F.3d at 1000. The petitioner must "demonstrate[] grounds for excusing the exhaustion requirement." Leonardo, 646 F.3d at 1161.

Petitioner has not pursued the administrative process to a decision. He requested custody redetermination twice. Both times the request was set before an IJ, and both times the IJ's written order recorded that counsel withdrew the request without prejudice and that the parties waived appeal. See Dkt. 7-1 at 8-9, 11; Status Report, Ex. A at 3-4. Neither order records a determination on danger or flight risk or on the IJ's authority to redetermine custody. See id. The second withdrawal came after Petitioner filed this Petition and one day after the Court directed Respondents to report the outcome and legal basis of the September 23 hearing and directed Petitioner to explain the first withdrawal. See Dkt. 9 at 1-2.

Petitioner does argue that exhaustion should be excused. Instead, he asserts that he "does not believe he was ever afforded a bond hearing." Petition ¶ 47. While that may be true, Petitioner omits that he twice requested custody redeterminations and both were withdrawn by counsel. The Court then gave Petitioner an opportunity to address exhaustion, grounds for excusing it, and the circumstances of the August 2025 withdrawal. See Dkt. 9 at 1-2. Petitioner did not avail himself of that opportunity.

Dismissal without prejudice is the appropriate course. See Leonardo, 646 F.3d at 1160-61. Petitioner has not requested a stay, and nothing suggests that a stay would produce a better record. The Court does not decide whether the IJ had authority to redetermine Petitioner's custody, whether any administrative procedure available to him is adequate, or whether his continued detention comports with due process. Petitioner may file a new petition after pursuing available administrative review or upon a proper showing that exhaustion should be excused, whether by legal argument addressing the regulatory limits on IJ custody jurisdiction or by a record of what occurred when a custody request was presented.

### D. Count Three: Eighth Amendment

Count Three alleges that the "categorical denial of bail to certain noncitizens" violates the Eighth Amendment's Excessive Bail Clause. Petition ¶ 52. The Supreme Court has held that the Eighth Amendment "does not require that bail be allowed" to noncitizens detained pending deportation in the circumstances before it, explaining that the Clause does not make bail compulsory in every case and that Congress may define the classes of cases in which bail is allowed. See Carlson v. Landon, 342 U.S. 524, 545-46 (1952). Petitioner's only authority is a dissenting opinion in Jennings. See Petition ¶ 52. That is not controlling. Carlson noted that it did not involve "the problem of habeas corpus after unusual delay in deportation hearings," 342 U.S. at 546, and Petitioner's complaint about the length of his detention is the subject of Count Two. As pleaded, Count Three's categorical challenge fails and is denied.

### E. Count Four: Administrative Procedure Act

Count Four alleges that Petitioner's detention is arbitrary and capricious and contrary to law under 5 U.S.C. § 706(2). See Petition ¶¶ 54-56. The APA authorizes review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Count Four identifies no agency action distinct from the detention challenged in Counts One through Three, and habeas under § 2241 is an adequate remedy for that challenge. Count Four is dismissed without prejudice to a properly pleaded APA claim challenging a distinct final agency action.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**;
2. Counts One and Three are **DENIED**;

3. Count Two is **DISMISSED** without prejudice for failure to exhaust administrative remedies;

4. Count Four is **DISMISSED** without prejudice; and

5. Petitioner's request for attorney's fees and costs under the Equal Access to Justice Act is **DENIED**.

Date: October 7, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge